UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAY FRANK FISCHER,

                    Plaintiff,

         v.

WASHINGTON DEPARTMENT OF
CORRECTIONS,

                    Defendant.

CASE NO. C26-5646 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Fricke's Order granting pro se plaintiff Jay Fischer's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court evaluation of whether Fischer's complaint asserts a plausible claim and should be served. Dkt. 4 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it has no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

ORDER - 1

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Fischer asserts an Eighth Amendment claim against the Washington Department of Corrections, for excessive bail and cruel and unusual punishment. He seeks $35,000,000. Dkt. 5 at 3–5. His complaint asserts that DOC "misclassified him as a black male," and that the "treatment he received which in confinement and while in community custodial supervision is cruel and unusual." Dkt. 5 at 5.

Fischer has pled literally no facts supporting these legal conclusions. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011)

ORDER - 2

("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

The Court cannot know what facts support Fischer's claim as he has made no factual allegations. He shall file an amended complaint articulating the "who what when where how and why" of a factual narrative supporting a plausible legal cause of action against a proper defendant within **21 days**. If he does not, this matter will be dismissed without further notice.

**IT IS SO ORDERED**.

Dated this 30th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3