UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY FISCHER,<br>Plaintiff,<br>v.<br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br>Defendant. | CASE NO. C26-5646 BHS<br>ORDER |

THIS MATTER is before the Court following Magistrate Judge Fricke's Order granting pro se plaintiff Jay Fischer's application to proceed *in forma pauperis*, based on her indigency, leaving to this Court evaluation of whether Fischer's complaint asserts a plausible claim and should be served. Dkt. 4 (citing 28 U.S.C. § 1915(e)(2)(B)).

The Court determined Fischer's initial proposed complaint, Dkt. 5, did not state a plausible claim, and permitted her to amend. Dkt. 6. The Court now evaluates whether Fischer's amended complaint, Dkt. 7, states a plausible claim.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

*Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it has no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Fischer asserts a Fourth Amendment, Eighth Amendment, and Fourteenth Amendment claim against the Washington Department of Corrections (DOC), for "personal injury suffered at the hands" of DOC. Dkt. 7 at 3, 5. She seeks $35 million in damages. *Id.* at 5. She asserts that DOC has classified her as a Black male despite her transgender female, Greek, German, and Black identities. *Id.* at 7. She contends she has

been "subjected to circumstances and situations" intended for a Black man, causing her significant trauma. *Id.*

The Court is sympathetic to Fischer for the challenges she faces in custody. However, her complaint does not include sufficient facts to support her claimed constitutional violations. She does not articulate the "who what when where how and why" of a factual narrative supporting a plausible legal cause of action against a proper defendant.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). The Court will allow Fischer one more opportunity to amend. Any amended complaint must be filed within 21 days of this Order.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge